OPINION
This timely appeal arises from Appellant's conviction in County Court, Western Division of Belmont County, Ohio, on one count of criminal damaging. While Appellant couches his appeal in terms of the weight of the evidence used to convict him, Appellant actually argues that there is insufficient evidence to support his conviction. Based on the record herein, we must agree and reverse the decision of the trial court.
On February 19, 1999, a criminal complaint was filed against Appellant charging him with one count of criminal damaging of the interior of an apartment owned by Mary Alice Smith, in violation of R.C. §2909.06(A)(1), a second degree misdemeanor. The complaint was based on an incident which occurred during the evening of February 5, 1999. The tenant of Ms. Smith's apartment, Anna Wade, had invited some people to the apartment that evening to have a party. (Tr. pp. 6, 32). Ms. Wade did not attend the party herself. During the party considerable damage was done to the apartment, including damage to the windows, cabinets and other furniture. The guests at the party also wrote on the walls, but apparently they had permission from Ms. Wade because she was planning on painting the walls. (Tr. p. 8).
The parties do not dispute that Appellant attended the party for a short time or that the apartment was damaged in the course of the party. At question is Appellant's involvement. A bench trial was held on May 25, 1999, and June 8, 1999. Appellee presented two witnesses: Brandy Roby, who was at the party and her sister Bobbi Roby, who was not. Brandy testified that she arrived at the party prior to Appellant and that some damage had been done to the apartment by the time she had arrived. (Tr. pp. 8, 10, 14). She did not see Appellant cause any damage to the apartment and she and Appellant left at the same time. (Tr. p. 12). She testified that everyone at the party was drinking and that she herself was drunk at the time. (Tr. pp. 7, 12).
Bobbi Roby, Appellee's only other witness, testified that she was not at the party but that Appellant later told her that he had caused some damage:
 "He told me the only thing he'd done was he threw one of the kitchen tables, not the tables but the chairs down the steps and that he urinated down them. That's the only thing he told me. He said that's the only thing he did there. . ." (Tr. p. 19).
Appellee rested its case after this testimony.
Appellant moved for acquittal pursuant to Crim.R. 29. The motion was overruled. Appellant then presented witness Amanda Showalter who testified that she brought Appellant to the party and that he did not cause any damage. (Tr. p. 38). Appellant testified that damage was done to the apartment before he arrived and that he did not contribute in any way to the damage. (Tr. p. 42).
On this record, the court convicted Appellant on June 15, 1999, on one count of violating R.C. § 2909.06(A)(1), criminal damaging. On June 24, 1999, Appellant was sentenced to thirty days in jail, all suspended, plus a fine and court costs.
Appellant's sole assignment of error on appeal states:
 "The trial court erred when it found the Defendant-Appellant guilty against the manifest weight of the evidence."
Appellant argues that a reviewing court may reverse a conviction if the manifest weight of the evidence shows that the trier of fact clearly lost its way, resulting in a manifest miscarriage of justice. State v.Martin (1983), 20 Ohio App.3d 172, 175. Appellant contends that Appellee's only two witnesses did not establish that he committed criminal damaging. Appellant does not find anything in Brandy Roby's testimony which identifies Appellant as having damaged any property. Appellant also asserts that Bobbi Roby's testimony is completely unbelievable because she was not at the June 5, 1999, party and because she was clearly attempting to protect her sister by implicating Appellant. Additionally, Bobbi could not recollect in the least the circumstances surrounding Appellant's confession to her or remember the names of anyone else who might have overhead the confession.
Appellant submits that his own witness, Amanda Showalter, testified that the apartment was already damaged when she and Appellant arrived. Appellant argues that the witnesses who attended the party all agreed that Appellant did not cause any of the damage. Appellant concludes that under any analysis of the evidence the trial court did not have an adequate basis to convict him.
In order to reverse a judgment as being against the manifest weight of the evidence, a reviewing court must first determine whether there was sufficient evidence to sustain the verdict. State v. Layne (March 1, 2000), Mahoning App. No. 97-CA-172, unreported; State v. Thompkins
(1997), 78 Ohio St.3d 380, 387-388. Sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Thompkins, supra, at 386.
When addressing a claim of insufficient evidence, a reviewing court must consider all probative evidence and the reasonable inferences to be drawn therefrom in a light most favorable to the prosecution to determine whether any rational trier of fact could have found all of the elements of the crime charged beyond a reasonable doubt. State v. Filaggi (1999),86 Ohio St.3d 230, 247, citing State v. Jenks (1991), 61 Ohio St.3d 259;State v. Eley (1978), 56 Ohio St.2d 169, paragraph two of syllabus. "The verdict will not be disturbed unless the appellate court finds reasonable minds could not reach the conclusion reached by the trier of fact."Eley, supra, at 179.
Appellant was convicted of violating R.C. § 2909.06(A)(1), which states, in pertinent part:
 "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the person's consent:
"(1) Knowingly, by any means;"
Appellee was required to prove beyond a reasonable doubt that: 1) Appellant; 2) caused; 3) physical harm or a substantial risk of physical harm; 4) to property belonging to another; 5) without consent; 6) with the requisite criminal intent (knowingly). There is no dispute that Appellant was at the party and that property was damaged. A careful reading of the record reveals that the remaining elements of the crime are in serious doubt.
The record is somewhat muddled by the fact that the trial court attempted to impose a stipulation upon the parties which went beyond the scope of a stipulation suggested by Appellant. (Tr. p. 4). Appellee was in the process of introducing its first witness, Sergeant Samuels of the Belmont County Sheriff's Department, when Appellant's counsel interjected the following:
 "MR. BERHALTER [Appellant's counsel]: Your honor, if I could interrupt for a moment and save the State and the Court a considerable amount of time.
"THE COURT: Certainly.
 "MR. BERHALTER: Mr. Gray is not disputing that there was damage done to the apartment in question. What's in dispute here is who actually did that damage to the apartment.
 "THE COURT: All right. Thank you. Is that the purpose of calling Sergeant Samuels to establish the level of damage that was done to the apartment?
 "MS. YONAK [prosecutor]: That and his investigation. Why he was called there I guess. Yes.
 "THE COURT: All right, well if it is stipulated that there was damage that occurred to the property, rental property owned by Mary Alice Smith, without her consent, does the State need the testimony of this witness for any other purpose?
"MS. YONAK: Not at this time." (Tr. p. 4).
It is unclear from this dialog whether Appellant was offering only to stipulate to the fact that some of Ms. Smith's property was damaged or to stipulate to all the elements of the crime except for causation. A stipulation is defined as a, "voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues." City of Fairbornv. Oost (June 25, 1998), Greene App. No. 97 CA 107, unreported, citing Blacks Law Dictionary, abridged (6 Ed. 1991), 984. Because a stipulation is a voluntary agreement, it cannot be imposed on the parties by the trial court. The trial court in the instant case proposed a stipulation to the prosecutor and, based on that proposal, the prosecutor withdrew its witness. The transcript does not reflect any other mention of a stipulation, much less that Appellant voluntarily accepted the very broad stipulation proposed by the trial court.
Appellant, in part, created the confusion surrounding the stipulated facts by proposing to stipulate to the damage done to the apartment. Under the invited error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. State ex rel. Bitter v. Messiah (1995), 72 Ohio St.3d 249, 254. Appellant therefore may not take advantage of any error caused by the trial court's assumption that there were stipulations as to the following facts: 1) Ms. Smith owned the rental property where the damage occurred; 2) the rental property was damaged in some respect; and 3) Ms. Smith did not give Appellant consent to damage any of her property. Nevertheless, even if we accept the aforementioned stipulated facts, there is insufficient evidence in the record to support all of the essential elements of criminal damaging.
One of the essential elements of criminal damaging is lack of consent.City of Columbus v. Johnson (May 18, 1976), Franklin App. No. 76-AL-38, unreported. Because the apartment in question was rental property, consent could have been given by either the owner of the property or the tenant who was in control of the property.
The only evidence in the record touching on whether the tenant consented to the damage indicates that she did consent to having a party in the apartment and to the writing on the wall. Although the record is clear that the landlord did not consent to the damage, the record fails to show that the damage to the apartment was done without the consent of both the tenant and the landlord, and in fact reflects that the tenant did consent to at least some of the damage. Appellee did not call either Ms. Smith or Ms. Wade to testify as to consent. Nothing in the record indicates that Ms. Wade had less than full control and possession of the apartment as the tenant, or was somehow prohibited from consenting to the events which occurred. It is doubtful that Sergeant Samuels, even if he had testified, could have presented admissible evidence as to the issue of Ms. Smith's and Ms. Wade's consent to the damage. It is axiomatic that Appellee had the burden of establishing all material elements of criminal damaging beyond a reasonable doubt in order to obtain a conviction, and we cannot fill in the blanks where the state has failed to meet its burden. State v. Heinish (1990), 50 Ohio St.3d 231, 239.
Appellant's assignment of error has merit as Appellee failed to supply sufficient evidence to support each and every element of the conviction. On that basis we must reverse the judgment of the trial court and Appellant is hereby discharged.
 _________ WAITE, J.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only.