THE STATE, EX REL. ADKINS ET AL., APPELLEES, *v.* SOBB ET AL., APPELLANTS.

[Cite as State, ex rel. Adkins, *v.* Sobb (1988), 39 Ohio St. 3d 34.]

(No. 87-267—Submitted July 27, 1988—Decided October 5, 1988.)

*Gerald B. Lackey, Joan Torzewski* and *Spiros P. Cocoves,* for appellees.

*Carl F. Dorcas,* director of law, for appellants.

WRIGHT, J. The city appeals from the judgment finding it in civil contempt for disobeying a writ of mandamus. The city argues that it is not in contempt because this court on appeal modified the writ and the city's new ordinances comply with the modified writ. The city's argument is not well-taken.

No modification of the writ occurred. This court was unequivocal in its opinion when it stated, "[w]e affirm the issuance of the writ and order the city to credit the officers with vacation leave attributable to prior public employment in accordance with R.C. 9.44." *State, ex rel. Adkins,* v. *Sobb, supra,* at 49, 26 OBR at 41, 496 N.E. 2d at 996.

Furthermore, the city may not evade a lawful order from a court of competent jurisdiction through subsequent and retroactive legislation. *Cowen* v. *State, ex rel. Donovan* (1920), 101 Ohio St. 387, 129 N.E. 719.

"* * * [T]he legislature cannot change a rule of law binding upon the Court of Appeals at the time a final judgment is rendered by it and compel this court in determining whether error has intervened therein and to consider or apply that change in a consideration of the record of the case in which such final judgment was rendered. Whether the record discloses error depends upon what the law was at the time the final judgment was rendered." *Id.* at 395, 129 N.E. at 722.

In this case, the allowance of the writ by the court of appeals is the final judgment and the law in effect at that time is the controlling law. The enactment of a new city ordinance after the allowance of the writ has no effect on the final judgment.

R.C. 2705.02, the contempt statute, provides in part:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]"

A court may punish disobedience of its order, pursuant to R.C. 2705.02 (A) or the court's inherent power to enforce its authority. *Zakany* v. *Zakany* (1984), 9 Ohio St. 3d 192, 9 OBR 505, 459 N.E. 2d 870. Such orders will not be reversed unless there has been an abuse of discretion. *State, ex rel. Ventrone,* v. *Birkel* (1981), 65 Ohio St. 2d 10, 19 O.O. 3d 191, 417 N.E. 2d 1249. The court of appeals issued a writ of mandamus specifically compelling the city to count the officers' prior service with the state or any political subdivision of the state for the purpose of

computing the amount of their city vacation leave. This court affirmed the issuance of the writ of mandamus. *State, ex rel. Adkins, v. Sobb, supra.* Nonetheless, the city did not credit the officers with the amount of city vacation leave to which they were entitled under R.C. 9.44. Instead, the city enacted an ordinance which had the practical effect of nullifying the operation of R.C. 9.44.

It is no defense to a finding of civil contempt that a party acted in good faith or upon the advice of counsel. See *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55, 56 O.O. 2d 31, 271 N.E. 2d 815. The court of appeals did not abuse its discretion in finding the city of Sylvania in contempt of court. Although the court of appeals imposed the maximum fine on the city and awarded attorney fees, the punishment was not excessive considering the city's disobedience of the writ. Furthermore, there is nothing in the record to suggest that the attorney fees were unreasonable.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

LOCHER and HOLMES, JJ., concur in part and dissent in part.

LOCHER, J., concurring in part and dissenting in part. I continue to stand by my original position with regard to the issuance of the writ in this action. See *State, ex rel. Adkins, v. Sobb* (1986), 26 Ohio St. 3d 46, at 49, 26 OBR 39, at 41, 496 N.E. 2d 994, at 996 (Locher, J., dissenting). However, I do agree with the majority's analysis concerning the effects of the allowance of the writ and its conclusion that the punishment imposed by the court of appeals was not excessive.

HOLMES, J., concurs in the foregoing opinion.