THE STATE EX REL. BITTER ET AL., APPELLANTS,
*v.* MISSIG, CLERK, ET AL., APPELLEES.

[Cite as *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249.]

(No. 94–2096—Submitted March 21, 1995—Decided May 24, 1995.)

*Fuller & Henry, Stephen B. Mosier* and *Daniel T. Ellis,* for appellants.

*Spengler Nathanson* and *Theodore M. Rowen,* for appellee Shirley Missig.

*Eastman & Smith, James F. Nooney* and *Stuart J. Goldberg,* for appellees Charles L. Jones and Phillip C. Jones.

*Per Curiam.* Appellants assert in their sole proposition of law that the court of appeals abused its discretion by refusing to enforce or compel compliance with its writ of mandamus. The court of appeals possesses both inherent and statutory authority to compel compliance with its lawfully issued orders. *Cramer v. Petrie* (1994), 70 Ohio St.3d 131, 133–134, 637 N.E.2d 882, 884–885; *State ex rel. Johnson v. Perry County Court* (1986), 25 Ohio St.3d 53, 54, 25 OBR 77, 78, 495 N.E.2d 16, 18; R.C. 2705.02(A) (person who disobeys a lawful writ may be found guilty of contempt).

Courts may punish disobedience of their orders or enforce them in contempt proceedings. *State ex rel. Adkins v. Sobb* (1988), 39 Ohio St.3d 34, 35, 528 N.E.2d 1247, 1248; *State ex rel. Shoop v. Mitrovich* (1983), 4 Ohio St.3d 220, 221, 4 OBR 575, 576, 448 N.E.2d 800, 801. "[S]ince the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the [court]." *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362, 1364. The court that issued the order sought to be enforced is in the best position to determine if that order has been disobeyed.

Given the broad discretion that is necessarily vested in the court of appeals in determining whether a party has obeyed its writ of mandamus, this court will not

reverse the court of appeals' decision absent an abuse of discretion. *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm.* (1990), 48 Ohio St.3d 43, 44, 549 N.E.2d 162, 163; *State ex rel. Adkins, supra.* The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222.

Missig, as clerk of the court of common pleas, possesses duties to issue certificates of judgment and to follow the orders of the court. R.C. 2303.08 and 2303.26. The court of appeals issued a writ of mandamus compelling Missig to issue a certificate of judgment pursuant to the common pleas court's June 14, 1994 order. Although the court of appeals granted a writ of mandamus in favor of appellants, it did not grant appellants' requested writ compelling Missig to reinstate the June 15, 1994 certificate of judgment, which had specified a judgment in appellants' favor of $2,200,000 plus interest in the installments set forth in the "Stock and Asset Purchase and Sale Agreement."

Further, the common pleas court's June 14, 1994 order referred to in the writ was entered only after deletion by the court of language in a proposed entry tendered by appellants which referred to the $2,200,000 and interest to be paid in installments as set forth in the agreement. The certificate of judgment issued by Missig on August 15, 1994 specified that a judgment had been entered on March 29, 1994 regarding appellants and Charles L. Jones and Phillip C. Jones pursuant to the terms of the "Stock and Asset Purchase and Sale Agreement" incorporated into that entry, and did not contain a reference to money or installment payments. Under these circumstances, where both the court of appeals and common pleas court possessed the opportunity but refused to order Missig to issue a certificate of judgment in the form specified by appellants, the court of appeals did not abuse its broad discretion in effectively determining that the August 15, 1994 certificate of judgment issued by Missig complied with its writ of mandamus.

Appellants assert that Missig's August 15, 1994 certificate of judgment did not comply with the court of appeals' writ because it lacked the requirements of a statutorily valid certificate of judgment. R.C. 2329.02 provides:

"Any judgment * * * rendered by any court of general jurisdiction * * * within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, and the date

of rendition of the judgment, and the volume and page of the journal entry thereof."

During a hearing before the court of appeals on appellants' mandamus action, the following exchange occurred between one of the judges and one of appellants' attorneys:

"JUDGE GLASSER: And what if we were to look at this and say, 'Wait a minute, there's no way that the Clerk is in a position here to comply with the statutory provisions for the Certificate of Judgment'?

"MR. ELLIS: Well, that isn't the issue before the Court, Your Honor."

Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952. Since appellants advised the court of appeals that compliance with R.C. 2329.02 was not an issue, they cannot now claim on appeal that the court of appeals erred in refusing to compel Missig to file a certificate of judgment that complied with R.C. 2329.02.

In addition, in *Roach v. Roach* (1956), 164 Ohio St. 587, 592, 59 O.O. 1, 4, 132 N.E.2d 742, 745, we stated:

"It is a general rule that there must be a specification in the judgment of the amount to be recovered before execution can issue thereon. * * * In order to have a judgment lien, there must be a final judgment for the payment of a definite and certain amount of money which may be collected by execution on property of the judgment debtor. A judgment for periodic installments for an indefinite time can not create a lien on real property, in the absence of a provision in the judgment itself for a lien. * * * " (Citations omitted.) See, also, *Dunbar v. Dunbar* (1994), 68 Ohio St.3d 369, 627 N.E.2d 532; *Smith v. Hayward* (Dec. 6, 1991), Lake App. No. 90–L–15–182, unreported, 1991 WL 260177.

Although the incorporated agreement between the parties to the shareholders' derivative suit contained periodic installment payments for a definite rather than an "indefinite time," the payments were not *certain* because the agreement was conditioned upon a sale of stock and assets and was further "subject to the performance of certain additional provisions." Therefore, the agreement incorporated in the common pleas court's March 29, 1994 "Stipulated Dismissal and Judgment Entry" was not susceptible of a certificate of judgment in the form requested by appellants which would set forth a specific "amount of the judgment" under R.C. 2329.02.

Appellants finally claim that the court of appeals' failure to enforce its own writ of mandamus violated their constitutional right to a meaningful remedy. See Section 16, Article I, Ohio Constitution; *Sorrell v. Thevenir* (1994), 69 Ohio St.3d

415, 426, 633 N.E.2d 504, 513. However, the court of appeals did not fail to enforce its writ of mandamus, since Missig complied with the writ.

Accordingly, the court of appeals did not abuse its discretion in overruling appellants' post-writ motions for a show cause order and to enforce the writ. The judgments of the court of appeals are affirmed.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., not participating.