[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 249.]

THE STATE EX REL. BITTER ET AL., APPELLANTS, *v.* MISSIG, CLERK, ET AL., APPELLEES.

[Cite as *State ex rel. Bitter v. Missig*, 1995-Ohio-147.]

*Courts—Court of appeals has broad discretion in determining whether a party has obeyed its writ of mandamus—Supreme Court will not reverse court of appeals' decision absent an abuse of discretion.*

(No. 94-2096—Submitted March 21, 1995—Decided May 24, 1995.)

APPEAL from the Court of Appeals for Ottawa County, No. 94OT039.

————————————

{¶ 1} On June 5, 1992, appellants, Paul L. Bitter and Sandra L. Bitter, filed a shareholder derivative action against various defendants, including appellees Charles L. Jones and Phillip C. Jones, in the Ottawa County Court of Common Pleas. On March 29, 1994, the common pleas court entered a "Stipulated Dismissal and Judgment Entry" which approved a "Stock and Asset Purchase and Sale Agreement" between the parties and adopted it by reference into the entry. The common pleas court dismissed the action without prejudice and "with a right to be revived and refiled *** as set forth in the Agreement," with the court retaining jurisdiction "to effectuate the terms of the Agreement of the parties and of this judgment." The terms of the agreement were to remain confidential until further order of the court. According to appellants, the agreement is no longer confidential, and the agreement is contained in the record on appeal.

{¶ 2} The agreement provided that in exchange for the sale to Charles L. Jones and Phillip C. Jones by appellants of two-hundred and fifty shares of common stock in J & B Tomato, Inc. and appellants' ownership interest in land and equipment used by the corporation and "subject to the performance of certain additional provisions," Charles L. Jones and Phillip C. Jones agreed to pay

$2,200,000 plus interest in yearly installments from 1994 through 2000. The agreement set forth remedies to appellants for a default by the purchasers of reinstatement and revival of the derivative suit or institution of an action against the purchasers to recover the entire unpaid balance plus accrued interest. The agreement further provided that in the event of default, the party not in default can "elect to pursue any or all remedies at law or in equity."

{¶ 3} Appellants subsequently filed a motion in the common pleas court for an order authorizing and directing appellee Shirley J. Missig, clerk of the common pleas court, to examine and reseal the agreement and to issue, file, docket and index a certificate of judgment in substantially the form outlined in an attached praecipe. The praecipe contained a certificate of judgment in favor of appellants and against Charles L. Jones and Phillip C. Jones in the amount of $2,200,000 plus interest, with the installment amounts and due dates delineated.

{¶ 4} On June 14, 1994, the common pleas court issued an order which provided:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of the Ottawa County Court of Common Pleas is hereby authorized and directed: (1) to examine and then reseal the Buyout Agreement (currently filed under seal), which agreement is incorporated into this Court's judgment dated March 29, 1994; and (2) forthwith to issue, file, docket and index a Certificate of Judgment of the courts [sic] judgment dated March 29, 1994."

{¶ 5} The common pleas court used the form of the proposed order tendered by appellants, but altered the language of the last sentence so that it did not order Missig to issue, file, docket and index a certificate of judgment "in substantially the form outlined in the Praecipe ***." On June 15, 1994, Missig issued a certificate of judgment in favor of appellants and against Charles L. Jones and Phillip C. Jones for $2,200,000 plus interest in the designated installments. The certificate of judgment substantially incorporated the outline set forth in the praecipe.

2

{¶ 6} Charles L. Jones and Phillip C. Jones later advised Missig that no money judgment had been entered by the common pleas court and requested her to correct the certificate of judgment. Missig requested an opinion from Ottawa County Prosecuting Attorney Lowell S. Petersen concerning the dispute. The prosecuting attorney concluded that the common pleas court did not grant a money judgment and that there could not be a certificate of judgment setting forth the "amount of the judgment and costs" as required by R.C. 2329.02. The prosecuting attorney therefore advised Missig to cancel the certificate of judgment. On July 25, 1994, Missig stamped the certificate of judgment she had previously issued with "LIEN CANCELLED," and wrote on the certificate "issued in error" and "See Attached Letter," which was the letter containing the prosecuting attorney's opinion.

{¶ 7} On July 27, 1994, appellants filed a complaint in the Court of Appeals for Ottawa County seeking a writ of mandamus compelling Missig to strike from the certificate of judgment or otherwise physically remove and void her "issued in error," "See Attached Letter," and "LIEN CANCELLED" markings and reinstate the June 15, 1994 certificate of judgment. After allowing Charles L. Jones and Phillip C. Jones to intervene as respondents in the action and conducting a non-evidentiary hearing, the court of appeals entered judgment on August 11, 1994, ordering its clerk to issue a writ of mandamus ordering Missig "to issue a certificate of judgment pursuant to the existing June 14, 1994 order of the Ottawa County Court of Common Pleas."

{¶ 8} On August 15, 1994, Missig issued a certificate of judgment in which she certified "that on March 29, 1994, a Judgment was entered *** dismissing without prejudice and with the right at plaintiff's option to be revived and refiled upon the occurrence of certain conditions, any and all claims asserted by Paul L. Bitter and Sandra Bitter *** against Charles L. Jones *** and Phillip C. Jones *** pursuant to the terms of a certain Stock and Asset Purchase and Sale Agreement as

approved by and adopted by reference into the judgment entered in *** Case No. 92CVH-133 ***."

{¶ 9} On August 17, 1994, appellants filed a motion in the court of appeals (1) for an order requiring Missig to show cause why she should not be held in contempt for her refusal to comply with the court of appeals' August 11, 1994 judgment, and (2) to enforce the court of appeals' writ of mandamus. On August 19, 1994, the court of appeals overruled appellants' motion.

{¶ 10} On August 22, 1994, Missig, in her capacity as clerk of the court of appeals, issued a writ pursuant to the court of appeals' judgment entry, commanding herself in her capacity as clerk of the common pleas court to issue the certificate of judgment, as set forth in the trial court's June 14, 1994 order. Appellants filed a second motion for a show cause order and to enforce the writ of mandamus, which the court of appeals also denied.

{¶ 11} The cause is before this court upon appellants' appeal as of right from the judgments overruling their motions for a show cause order and enforcement of the writ of mandamus.

_____

*Fuller & Henry, Stephen B. Mosier* and *Daniel T. Ellis*, for appellants.

*Spengler Nathanson* and *Theodore M. Rowen*, for appellee Shirley Missig.

*Eastman & Smith, James F. Nooney* and *Stuart J. Goldberg*, for appellees Charles L. Jones and Phillip C. Jones.

_____

*Per Curiam.*

{¶ 12} Appellants assert in their sole proposition of law that the court of appeals abused its discretion by refusing to enforce or compel compliance with its writ of mandamus. The court of appeals possesses both inherent and statutory authority to compel compliance with its lawfully issued orders. *Cramer v. Petrie* (1994), 70 Ohio St.3d 131, 133-134, 637 N.E.2d 882, 884-885; *State ex rel.*

*Johnson v. Perry County Court* (1986), 25 Ohio St.3d 53, 54, 25 OBR 77, 78, 495 N.E.2d 16, 18; R.C. 2705.02(A) (person who disobeys a lawful writ may be found guilty of contempt).

{¶ 13} Courts may punish disobedience of their orders or enforce them in contempt proceedings. *State ex rel. Adkins v. Sobb* (1988), 39 Ohio St.3d 34, 35, 528 N.E.2d 1247, 1248; *State ex rel. Shoop v. Mitrovich* (1983), 4 Ohio St.3d 220, 221, 4 OBR 575, 576, 448 N.E.2d 800, 801. "[S]ince the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the [court]." *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362, 1364. The court that issued the order sought to be enforced is in the best position to determine if that order has been disobeyed.

{¶ 14} Given the broad discretion that is necessarily vested in the court of appeals in determining whether a party has obeyed its writ of mandamus, this court will not reverse the court of appeals' decision absent an abuse of discretion. *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm*. (1990), 48 Ohio St.3d 43, 44, 549 N.E.2d 162, 163; *State ex rel. Adkins, supra*. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222.

{¶ 15} Missig, as clerk of the court of common pleas, possesses duties to issue certificates of judgment and to follow the orders of the court. R.C. 2303.08 and 2303.26. The court of appeals issued a writ of mandamus compelling Missig to issue a certificate of judgment pursuant to the common pleas court's June 14, 1994 order. Although the court of appeals granted a writ of mandamus in favor of appellants, it did not grant appellants' requested writ compelling Missig to reinstate the June 15, 1994 certificate of judgment, which had specified a judgment in

appellants' favor of $2,200,000 plus interest in the installments set forth in the "Stock and Asset Purchase and Sale Agreement."

{¶ 16} Further, the common pleas court's June 14, 1994 order referred to in the writ was entered only after deletion by the court of language in a proposed entry tendered by appellants which referred to the $2,200,000 and interest to be paid in installments as set forth in the agreement. The certificate of judgment issued by Missig on August 15, 1994 specified that a judgment had been entered on March 29, 1994 regarding appellants and Charles L. Jones and Phillip C. Jones pursuant to the terms of the "Stock and Asset Purchase and Sale Agreement" incorporated into that entry, and did not contain a reference to money or installment payments. Under these circumstances, where both the court of appeals and common pleas court possessed the opportunity but refused to order Missig to issue a certificate of judgment in the form specified by appellants, the court of appeals did not abuse its broad discretion in effectively determining that the August 15, 1994 certificate of judgment issued by Missig complied with its writ of mandamus.

{¶ 17} Appellants assert that Missig's August 15, 1994 certificate of judgment did not comply with the court of appeals' writ because it lacked the requirements of a statutorily valid certificate of judgment. R.C. 2329.02 provides:

"Any judgment *** rendered by any court of general jurisdiction *** within this state shall be a lien upon the lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, and the date of rendition of the judgment, and the volume and page of the journal entry thereof."

**{¶ 18}** During a hearing before the court of appeals on appellants' mandamus action, the following exchange occurred between one of the judges and one of appellants' attorneys:

"JUDGE GLASSER:  And what if we were to look at this and say, 'Wait a minute, there's no way that the Clerk is in a position here to comply with the statutory provisions for the Certificate of Judgment'?

"MR. ELLIS:  Well, that isn't the issue before the Court, Your Honor."

**{¶ 19}** Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952. Since appellants advised the court of appeals that compliance with R.C. 2329.02 was not an issue, they cannot now claim on appeal that the court of appeals erred in refusing to compel Missig to file a certificate of judgment that complied with R.C. 2329.02.

**{¶ 20}** In addition, in *Roach v. Roach* (1956), 164 Ohio St. 587, 592, 59 O.O. 1, 4, 132 N.E.2d 742, 745, we stated:

"It is a general rule that there must be a specification in the judgment of the amount to be recovered before execution can issue thereon.  *** In order to have a judgment lien, there must be a final judgment for the payment of a definite and certain amount of money which may be collected by execution on property of the judgment debtor.  A judgment for periodic installments for an indefinite time can not create a lien on real property, in the absence of a provision in the judgment itself for a lien.  ***"  (Citations omitted.)  See, also, *Dunbar v. Dunbar* (1994), 68 Ohio St.3d 369, 627 N.E.2d 532; *Smith v. Hayward* (Dec. 6, 1991), Lake App. No. 90-L-15-182, unreported.

**{¶ 21}** Although the incorporated agreement between the parties to the shareholders' derivative suit contained periodic installment payments for a definite rather than an "indefinite time," the payments were not *certain* because the

agreement was conditioned upon a sale of stock and assets and was further "subject to the performance of certain additional provisions." Therefore, the agreement incorporated in the common pleas court's March 29, 1994 "Stipulated Dismissal and Judgment Entry" was not susceptible of a certificate of judgment in the form requested by appellants which would set forth a specific "amount of the judgment" under R.C. 2329.02.

{¶ 22} Appellants finally claim that the court of appeals' failure to enforce its own writ of mandamus violated their constitutional right to a meaningful remedy. See Section 16, Article I, Ohio Constitution; *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 426, 633 N.E.2d 504, 513. However, the court of appeals did not fail to enforce its writ of mandamus, since Missig complied with the writ.

{¶ 23} Accordingly, the court of appeals did not abuse its discretion in overruling appellants' post-writ motions for a show cause order and to enforce the writ. The judgments of the court of appeals are affirmed.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., not participating.

—————————