DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, which terminated grandparent visitation rights. Because we conclude that the trial court committed no reversible error, we affirm.
On July 3, 2000, Tiffany K., mother of Sarah V., moved to terminate grandparent visitation rights of appellant, Christine G. — Sarah's paternal grandmother. On July 13, 2000, appellant countered by moving to show cause why Tiffany should not be held in contempt for denying appellant previously ordered Sunday afternoon visitations with Sarah. These visitation sessions were to be for four hours, two times per month. At the time of the hearing on these issues, Sarah was three years old.
At the hearing, mother testified that appellant would often permit her son, the biological father, to have contact with Sarah. Father was court-ordered to have supervised visitation only at mother's home. This order was issued due to alleged mental health issues of the father which posed potential danger to Sarah. Mother related a specific incident hen Sarah, while in appellant's care, was taken by her father into the restroom of a fast food restaurant. According to mother, amid appellant's angry screaming and yelling, appellant's boyfriend retrieved Sarah from the restroom. Sarah was traumatized by the restaurant incident, mother was concerned about father hitting the child while visiting with appellant.
In addition, Sarah, according to mother, was often extremely upset when leaving with appellant and when returning home. Mother opined that Sarah exhibits eating and sleeping problems stemming from the visitations with appellant. Mother was also concerned that appellant was trying to force relationships between Sarah and other people, causing her daughter to have additional anxiety and unhappiness. Finally, mother expressed concern that Sarah, at age three, could not take care of herself and that appellant was not meeting Sarah's physical and hygiene needs. Mother acknowledged that she had stopped visitations between Sarah and appellant due to her fears about Sarah's safety and well-being.
Mother's husband, Sarah's stepfather, testified that Sarah was "hysterical, screaming when leaving for visitation * * * and upon return." According to the stepfather, appellant had called police to accompany her for visitation pick-up, which upset Sarah.
In contrast, appellant testified that Sarah smiles upon pick-up for visitation and has a good relationship with her; appellant did not recall Sarah ever crying. Appellant denied that she ever permitted her son to spank or hit Sarah or that her visits with friends had a detrimental effect on her granddaughter. Appellant acknowledged the fast food restaurant incident, but denied that any anger or hostility occurred. Appellant stated that she believed visitations with her to be in Sarah's best interest.
Appellant's boyfriend also testified that Sarah and appellant get along well, and neither appellant nor her son have ever abused Sarah. Sarah's father also testified that although he has been diagnosed as bi-polar, he takes medication, is under a doctor's care, and is living a normal life. He denied spanking or hitting Sarah, but confirmed that his visitation is ordered to be at the mother's home, supervised, with twenty-four hour notice. Father stated that he was present at seven of appellant's visits with Sarah.
After considering the factors in R.C. 3109.051(D), the magistrate concluded that continued visitation with appellant was not in Sarah's best interest and granted mother's motion to terminate appellant's visitation. Appellant's motion to show cause was denied, since good cause was shown for mother's denial of visitations.
Appellant now appeals that judgment, setting forth the following three assignments of error:
 "A. The Trial Court's grant of the Appellee, Tiffany [K.'s] Motion to Terminate Visitation Rights of Appellant, Christine [G.], was not supported by clear and convincing evidence, as Plaintiff-Appellee did not meet her burden an it is not in the `best interests of the minor child,' Sarah [V.].
 "B. The Court improperly applied the enumerated factors of ORC 3109.051 to the present matter and that statute should not apply as the purpose of the statute was not for modifications of orders and the statute is ambiguous and vague in regard to modifications of visitation orders and is therefore unconstitutional in its application.
 "C. Appellant's Motion to Show Cause should have been granted and the Court's denial was not based upon clear and convincing evidence."
 I.
We will first address appellant's second assignment of error. Appellant contends that R.C. 3109.051 is unconstitutional because it is vague and ambiguous as applied to modification of visitation orders.
R.C. 3109.12 and 3109.051, domestic relations case statutes, are applicable to grandparent visitation orders issued by a juvenile court under R.C. 3111. et seq. The Supreme Court of Ohio has specifically determined that "modification of visitation rights is governed by R.C.3109.051." Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph one of the syllabus. R.C. 3109.051 lists fifteen factors which the trial court must consider in determining whether or not visitation is in the best interest of a child. Therefore, there is nothing vague or ambiguous about the requirements provided in the statute and appellant's contention that R.C. 3109.051 is unconstitutional is without merit.
Appellant's second assignment of error is not well-taken.
 II.
Appellant, in her first assignment of error, argues that the trial court's decision to terminate her visitation rights was not supported by clear and convincing evidence.
A party requesting a change in visitation rights need not demonstrate a change in circumstances in order for the court to modify those rights.Braatz, supra, at paragraph two of the syllabus. "Pursuant to R.C.3109.051(D), the trial court shall consider the fifteen factors listed, and in its sound discretion, shall determine visitation that is in the best interest of the child."[1] Id. Additionally, an appellate court will defer to a trial court's factual resolutions of conflicting opinions and testimony. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 419. The trial court is in the best position to observe the witnesses' voice inflections, demeanor, and gestures, to assess credibility. Id.
Upon review, an appellate court will not reverse the trial court's determinations as to visitation issues absent an abuse of discretion. Inre Whaley (1993), 86 Ohio App.3d 304, 317, citing to Booth v. Booth
(1994), 44 Ohio St.3d 142. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In this case, the trial court found that Sarah's mother was fit and, thus, presumed to be acting in the best interest of her daughter. No evidence was presented to show any ulterior motive by the mother for stopping visitations. Moreover, appellant permitted contact with the father, in direct contravention of the court order requiring supervised visits only at mother's home. Upon a complete review of the record, we cannot say that the trial court's determinations were unsupported or that it abused its discretion in terminating appellant's visitation rights at this time.
Accordingly, appellant's first assignment of error is not well-taken.
 III.
Appellant, in her third assignment of error, argues that the trial court erred in denying appellant's motion to show cause.
The grant or denial of a motion for contempt rests within the trial court's sound discretion. State ex. rel Adkins v. Sobb (1988),39 Ohio St.3d 34, 35. In order to find an abuse of that discretion, the trial court's decision must be deemed unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore,supra.
In light of our determination of appellant's first assignment of error, we conclude that the trial did not abuse its discretion in finding that mother had good cause for denying visitations.
Accordingly, appellant's third assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] The pertinent factors here include:
 "(1) The prior interaction and interrelationships of the child with the child's parents * * * *;
"* * *
"(4) The age of the child;
 "(5) The child's adjustment to home, school, and community;
"* * *
"(7) The health and safety of the child;
"* * *
"(9) The mental and physical health of all parties;
"* * *
 "(15) Any other factor in the best interest of the child."