OPINION
Plaintiff-Appellant, Charles W. Groll, brings this appeal from a Marion County Common Pleas Court judgment denying a contempt motion filed against Defendant-Appellees, Louis F. Nemeth and Susan Nemeth, for the alleged failure to comply with a previous order requiring the transfer of certain real property to Groll. Groll avers that proof of intent is not required for a finding of civil contempt, further contending that he presented clear and uncontested evidence that the court's order had been violated. We determine, however, that although proof of intent is not a prerequisite to civil contempt, the trial court found there was not clear and convincing evidence that the order had in fact been violated. Furthermore, because the record contains competent and credible evidence supporting the determination, we affirm the trial court's judgment.
Procedural history and facts relevant to issues raised on appeal are as follows. Groll and the Nemeths own adjacent tracts of land. A dispute arose as to whether Groll's driveway traversed the northern boundary of the Nemeths' property. On October 14, 1998, Groll filed a complaint against the Nemeths seeking full legal title to the tract of land upon which the driveway was located. The Nemeths counterclaimed on various grounds. Prior to trial, the parties agreed to settle their claims, executing a handwritten settlement agreement through which the Nemeths agreed to convey a tract of land upon which the driveway was located to Groll in exchange for the sum of $2,500. The trial court edited and adopted the terms of the settlement agreement in a June 19, 2000 entry.
Groll prepared and tendered a deed containing a .1729 acre parcel, which he believed matched the description stated in the handwritten agreement and the court's entry. The Nemeths refused to sign the deed, alleging that a boundary line contained in the legal description was not in accordance with their understanding of the agreement. Thereafter, the Nemeths prepared and tendered a new deed to Groll's previous counsel, which moved the west end of one boundary line roughly one foot north. The modified boundary reduced the size of the tract conveyed to a .1660 acre parcel, removing a 426 foot long triangular strip of land that tapered from a foot wide to a point and consisted of approximately .0069 acres.
Upon finding that the deed had been accepted and money tendered, Groll fired his previous counsel and, on August 27, 2001, moved the court to hold the Nemeths in contempt for failing to execute the originally prepared deed. Having heard the parties and considered evidence adduced at a September 20, 2001 contempt hearing, the trial court denied Groll's motion. This appeal followed.
For his appeal, Groll argues that the trial court erred in failing to grant his contempt motion.
In State ex rel. Corn v. Russo,[1] the Ohio Supreme Court defined contempt, in general terms, as disobedience of a court order.[2] Civil contempt exists where a party fails to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein.[3] "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions."[4] "The purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice."[5] "The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with the lawful orders of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt."[6] For failure or refusal to comply with its orders a court may impose such penalties as are reasonable and just.[7] Such sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order.[8]
In a civil contempt action, the movant must show by clear and convincing evidence that the alleged contemnor violated a court order.[9]
Since the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the court.[10] The court that issued the order sought to be enforced is in the best position to determine if that order has been disobeyed.[11] Thus, if the trial court had before it competent and credible evidence supporting its determination an appellate court cannot reverse the trial court's decision.[12]
As a preliminary matter, the Nemeths contend that Groll has no right to appeal the denial because he has not shown that he was prejudiced by the determination. In order to contest the denial of a contempt motion, the motion must have been directed at a party to the action, and the party challenging the dismissal must have been prejudiced thereby.[13]
"Absent a showing of prejudice to the party making the contempt motion, contempt is essentially a matter between the court and the person who disobeys a court order or interferes with court processes. Therefore, * * * there is no right of appeal from the dismissal of a contempt motion when the party making the motion is not prejudiced by the dismissal."[14]
In the instant case, Groll has directed his contempt motion at the defendant-appellees and would be prejudiced by an unjustified refusal to direct the Nemeths to transfer property to him, which he maintains is rightfully his per the parties' agreement and corresponding court order. Accordingly, we find that Groll has the right to appeal the denial of the contempt motion.
Groll avers that the trial court applied an improper standard in considering the motion, asserting that the trial court based its determination upon whether there had been an intentional violation of the order and that he presented clear and uncontested evidence of a direct violation of their agreement and corresponding court order.
"Proof of purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of [civil] contempt."[15] It is no defense to a finding of civil contempt that a party acted in good faith or upon the advice of counsel.[16] "It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result."[17] However, in addition to finding that there was no intentional violation, the trial court denoted that no party had admitted to violating the court's order. Moreover, as discussed below, the court's determination illustrates that Groll had not produced clear and convincing evidence that the Nemeths had in fact violated the order.
On the date of trial, the parties entered into a written settlement agreement through which the Nemeths agreed to convey "the `disputed property', as set out in the Plat of Survey done by Steven A. Fox, w[ith a] red line attached thereon running in a straight line from the 10" wood post (in rear) to the 3" steel post." The original entry ordering the transfer of the disputed parcel deleted the reference to the red line, directing that the Nemeths "convey to Groll by Warranty Deed the `disputed property', * * * with a new boundary line running in a straight line from the ten foot wood post (rear of Nemeth property) to the three foot steel post." The parties do not dispute the location of the steel or wood posts.
Pursuant to the court order, Groll had a survey of the property conducted, thereafter tendering the sum of $2,500 and a deed for the Nemeths to sign with the wood and steel posts designated as the terminal points of the boundary. The Nemeths refused to sign the deed, asserting that the red line drawn during the settlement negotiations indicated that the boundary was to go north of the wood post. The record indicates that this may have been to allow for the construction and maintenance of a fence. Thereafter, the Nemeths prepared and tendered a new deed with the west end of the boundary line moved roughly one foot to the north. Groll's counsel accepted the deed and delivered the contractually agreed sum of $2,500.
At the contempt hearing, Groll contested the application and mere existence of the red line expressly referenced in the parties' handwritten agreement, asserting that he had instructed his attorney not to accept anything less than the parcel contained in the originally tendered deed. However, Groll admitted that he knew that an additional survey was being conducted and that his previous counsel notified him of the rejection of the tendered deed, advised him of Nemeths proposal, and was negotiating with the Nemeths. Reviewing the evidence presented, the trial court found that there was an issue as to each parties' understanding of the settlement agreement's terms at the time the handwritten document and order were executed, stating:
 Well, you know, I think what we have here is a situation where the lawyers may have agreed to one thing and tried to draw a little map, but they put something else in writing, and the two don't exactly gel, is that a fair — And for one reason or another both parties seem to think that the other side's wrong and the whole deal is screwed up. Is that about it?
The court acknowledged that the reference to the red line was absent from its order and, having further discussed and considered the discrepancies regarding the parties' understandings of the agreement and subsequent settlement of the dispute or modification of the agreement, found that it was not clear that the order had been violated and that contempt sanctions were inappropriate.
Contrary to Groll's assertion, his evidence was not uncontested and did not provide clear and convincing evidence that the alleged contemnors violated the court's order. Considering the aforementioned discrepancies in light of the fact that the primary interest involved in a contempt proceeding is the authority and proper functioning of the court and that great reliance and significant deference should be placed upon the discretion of the court, we do not find that the trial court abused its discretion in denying the contempt motion. The trial court issued the subject order, participated in the original action and contempt proceedings, and was in the best position to determine if that order had been disobeyed. Because the trial court had before it competent and credible evidence supporting its determination, we affirm the trial court's decision.
Accordingly, Groll's assignment or error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551.
[2] Id. at 555
[3] Beach v. Beach (1955), 99 Ohio App. 428, 431; Pedone v. Pedone
(1983), 11 Ohio App.3d 164, paragraph one of the syllabus.
[4] Russo, 90 Ohio St.3d at 554, citing Denovchek v. Trumbull Cty. Bd.of Commrs. (1988), 36 Ohio St.3d 14, 15; Windham Bank v. Tomaszczyk
(1971), 27 Ohio St.2d 55, paragraph one of the syllabus.
[5] Windham, 27 Ohio St.2d 55, paragraph two of syllabus.
[6] Id. at paragraph three of the syllabus.
[7] Marshall v. Marshall (1997), 117 Ohio App.3d 182, 186; R.C.2705.02(A).
[8] Russo, 90 Ohio St.3d at 555.
[9] Sancho v. Sancho (1996), 114 Ohio App.3d 636, 642.
[10] State ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249, citing State ex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34, 35;State ex rel. Shoop v. Mitrovich (1983), 4 Ohio St.3d 220, 221.
[11] Bitter, 72 Ohio St.3d at 252.
[12] Sancho, 114 Ohio App.3d at 642.
[13] Denovchek, 36 Ohio St.3d at 16-17.
[14] Id. at 17.
[15] Pugh v. Pugh (1984), 15 Ohio St.3d 136, paragraph one of the syllabus.
[16] State ex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34.
[17] Pedone, 11 Ohio App.3d at 165.