DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the March 11, 2002 judgment of the Huron County Court of Common Pleas, Juvenile Division, which found that appellant, Alex W., failed to purge a prior finding of contempt. Appellant presents the following assignment of error:
 {¶ 2} "I. The trial court erred in imposing sentence where the evidence demonstrated a good faith effort on the part of appellant to comply with the purge conditions set forth in the prior order and where his non-compliance was not due to fraud or sharp practice."
 {¶ 3} On September 16, 1996, appellant was ordered to pay child support of $277.05 per month for one minor child. On January 4, 2001, appellee, through the Huron County Child Support Enforcement Agency ("Huron County CSEA"), filed a show cause complaint against appellant for his alleged failure to pay child support. On February 21, 2001, appellant entered a plea of guilty to the contempt citation. Appellant was given a ten-day jail sentence which was suspended dependent upon compliance with the following purge conditions:
 {¶ 4} "1. Pay his child support as previously ordered.
 {¶ 5} "2. Pay an additional $10.00 per week, plus processing charges on his child support arrearages.
 {¶ 6} "3. If the defendant is no longer self-employed, he shall notify the Huron County CSEA of his new employer.
 {¶ 7} "4. When no longer self-employed, participate in the JOBS program, if eligible.
 {¶ 8} "5. When no longer self-employed and not eligible for the JOBS program, seek work at not less than eight (8) prospective employers per week and report his efforts to the Huron County CSEA on the forms they provide at the agency.
 {¶ 9} "6. Keep the Huron County CSEA informed of any change in his employment or his address.
 {¶ 10} "7. Establish a bank account at a financial institution of his choice from which the required child support shall be deducted each week. The said bank account shall be established within seven days from the date hereof and he shall submit the number of said account to the Huron County Child Support Enforcement Agency immediately.
 {¶ 11} "8. Pay the court costs herein in the amount of $53.90 within thirty (30) days."
 {¶ 12} On December 10, 2001, appellee, through the Huron County CSEA, filed a motion to impose sentence arguing that appellant failed to comply with the purge conditions. A hearing was held on the motion on March 4, 2002, and on March 11, 2002, the trial court granted Huron County CSEA's motion and imposed the ten-day jail sentence. The sentence was stayed pending this appeal.
 {¶ 13} Appellant now argues that he made a reasonable effort to comply with the court's order but was unable due to financial difficulties and health concerns. At the hearing, appellant testified that he had been a self-employed truck driver but work had been slow. He also has a history of seizures which were controlled by medication. Appellant stated that in the past few months he began experiencing periods of numbness but he had yet to see a doctor. He then decided to stop driving the truck. Appellant further stated that he had been to various employers and they were not hiring.
 {¶ 14} During cross-examination, appellant admitted that he had not made payments for July, September, October and February. He further acknowledged that he failed to participate in the JOBS program or provide proof that he sought employment with eight employers per week.
 {¶ 15} Julie Gubala, a Huron County CSEA employee, testified as to appellant's payment history from February 23, 2001 to the date of the hearing. She stated that his arrearage as of March 1, 2002, was $5,858.60. Gubala did state that appellant contacted the agency on January 24, 2002, and left a message with a receptionist that he had been self-employed and was now seeking factory work.
 {¶ 16} The decision to grant or deny a motion for contempt rests within the trial court's sound discretion. State ex. rel Adkins v. Sobb
(1988), 39 Ohio St.3d 34, 35. An abuse of discretion connotes a judgment that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} In this case, a review of the March 4, 2002 hearing demonstrates that appellant failed to pay child support for several months and failed to seek employment as required under the purge conditions. Even considering his medical condition, we cannot say that appellant made a good faith effort to comply with the purge conditions given appellant's lackadaisical efforts to seek employment. Thus, we find that the trial court did not abuse its discretion when it found that appellant failed to comply with the purge conditions and imposed the suspended sentence. Appellant's assignment of error is not well-taken.
 {¶ 18} The judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.