{¶ 30} I respectfully dissent.
 {¶ 31} The majority finds merit in appellant's first assignment of error, that the trial court erred in applying the doctrine of election of remedies to dismiss her motion to impose a sentence of contempt on the appelllee. Appellee was found in contempt for failing to pay appellant interest on the mortgage as part of the property settlement in the parties' divorce. In addition to securing this money through a contempt motion, appellant, subsequent to initiating contempt proceedings, filed a foreclosure action against appellee based on the same mortgage. The majority holds the appellant was entitled to pursue both remedies, contempt and foreclosure, to satisfy the debt and, accordingly, the trial court erred by not imposing sentence.
 {¶ 32} The issue before us is not whether appellant was entitled to pursue two remedies, but whether the trial court abused its discretion by not imposing the sentence of contempt, fifteen days in the Lake County Jail, to expedite payment of the debt, secured by the mortgage which is the subject of the pending foreclosure action.
 {¶ 33} Contrary to the wording of appellant's first assignment of error, the trial court did not dismiss appellant's motion to impose sentence by applying the doctrine of election of remedies. The trial court agreed with the appellant that she "had an array of legal remedies from which to enforce Husband's financial obligation due her"; that "the same financial obligation can be enforced in more than one Court"; and that appellant "is free to elect her remedy for enforcement of the obligation due her from Husband."
 {¶ 34} Instead, the trial court denied appellant's motion based on its determination that imposing the contempt sanction at this time would be inequitable. It is the equity of the trial court's decision that should be the focus of this court's analysis.
 {¶ 35} It is well-settled that "[t]he purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, at paragraph two of the syllabus. "[S]ince the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the trial judge." Denovchek v. Bd. of Trumbull Cty.Commrs. (1988), 36 Ohio St.3d 14, 16. It is equally well-settled that an "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State ex rel. Bitter v. Missig, 72 Ohio St.3d 249, 253,1995-Ohio-147. Cf. R.C. 3105.011 (a domestic relations court is endowed with "full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters").
 {¶ 36} Contrary to the majority's opinion, the issue is not whether the trial court's decision to decline imposition of a contempt sentence was "right" or "wrong," but whether the decision was a valid exercise of the court's discretion. In the present case, the trial court's decision was not unreasonable, arbitrary, or unconscionable. The fact that the majority disagrees with the trial court's discretionary decision and would have imposed sentence is not grounds for reversing the trial court. It is for the trial court, not the court of appeals, to determine how best to enforce its judgments.
 {¶ 37} The trial court correctly found that the use of simultaneous legal proceedings in this case to enforce the same debt is inequitable and inappropriate. The purpose of including the promissory note and mortgage in the trial court's separation decree was to secure appellee's performance. By foreclosing on the promissory note, appellant elected to pursue that remedy as provided by the separation decree. The simultaneous use of contempt and the threat of incarceration as an additional collection incentive are uncalled for and inequitable. At the time of the hearing on appellant's motion, appellant's foreclosure action was pending on appeal with this court. As the trial court observed, "[e]quity precludes [appellant's] filing of a motion to impose [sanctions] until the appeal of the foreclosure action is determined with finality." The trial court certainly acted within its discretion to delay imposing sanctions while other proceedings, potentially determinative of the action before it, were pending.
 {¶ 38} The decision of the Lake County Court of Common Pleas, Domestic Relations Division, should be affirmed.