[Cite as *State v. Bagi*, 2012-Ohio-3520.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 11CA0059 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN T. BAGI | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. TRD-11-09-08068 |

DECISION AND JOURNAL ENTRY

Dated: August 6, 2012

---

BELFANCE, Judge.

{¶1} Defendant-Appellant John Bagi appeals from the decision of the Wayne County Municipal Court. For the reasons set forth below, we affirm.

I.

{¶2} On September 16, 2011, Mr. Bagi was ticketed for improperly starting the semi-tractor trailer he was driving, in violation of R.C. 4511.38. Mr. Bagi allegedly struck another vehicle as he was pulling onto the road from the berm. A complaint was filed, and the matter ultimately proceeded to a bench trial. The trial court found Mr. Bagi guilty of the violation of R.C. 4511.38, fined him $50 plus courts costs, and ordered that 2 points be placed on his license.

{¶3} Mr. Bagi filed a motion for a delayed appeal, which was granted. He has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

MR. BAGI'S CONVICTION FOR IMPROPER START IN VIOLATION OF
R.C. 4511.38 IS NOT SUPPORTED BY EVIDENCE SUFFICIENT TO
SATISFY THE REQUIREMENTS OF THE DUE PROCESS CLAUSES OF
THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED
STATES CONSTITUTION; OR ALTERNATIVELY IS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE.

**{¶4}** Mr. Bagi asserts that his conviction is based upon insufficient evidence and is against the manifest weight of the evidence. We do not agree.

**Sufficiency**

**{¶5}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

**{¶6}** The relevant portion of R.C. 4511.38(A) provides that "[n]o person shall start a vehicle, streetcar, or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety."

**{¶7}** Carolee Drop testified that, on September 16, 2011, she was going down the highway on "250 or 83 South[.]" She testified to the following:

I saw the truck at an exit way rocking back and forth which I really didn't think he would pull out in front of me but as I got almost up to him I saw that he was started and I looked out my right window, I saw he was moving so I put my foot on the gas and I tried to get away from him but he barely nipped my back end, my left rear fender and bumper.

{¶8} Upon questioning, she agreed that it was the rear passenger side that was hit. She also agreed that she was driving in her marked lane immediately prior the collision. Upon entering the highway, Mr. Bagi crossed the median and proceeded in the opposite direction. Ms. Drop followed him, and the two vehicles ultimately pulled over. Mr. Bagi indicated that he did not know that Ms. Drop's vehicle and his own had been in a collision until he saw the damage.

{¶9} Trooper Jim Halvorsen with the State Highway Patrol, who responded to the accident, also testified. He testified that both vehicles suffered minor damage. Ms. Drop's car had white paint transfer to the right rear area and damage near the bumper, and Mr. Bagi's white truck had minor damage to the left front corner including the headlight. Mr. Bagi, in his statement to the trooper, maintained that Ms. Drop hit his vehicle.

{¶10} When questioned by defense counsel, Trooper Halvorsen opined that based, inter alia, upon Mr. Bagi's statement that he did not know the truck had even hit Ms. Drop's car, and the location of the paint transfers, he believed that Mr. Bagi hit Ms. Drop's car, and not the other way around. He stated that, if Ms. Drop's vehicle would have hit Mr. Bagi's truck, Mr. Bagi would have been aware of it as Ms. Drop's vehicle would have had to veer in front of his. Also, and in light of the above, he believed that the accident did not happen in the berm. He noted that Ms. Drop had stated that "she had been in the right lane of travel" when the accident happened. Photographs of the damage taken by Trooper Halvorsen were also admitted into evidence.

{¶11} We conclude that there was sufficient evidence, which if believed, would allow a trier of fact to reasonably conclude beyond a reasonable doubt that Mr. Bagi violated R.C.

4511.38(A). Ms. Drop's testimony alone provides sufficient evidence that Mr. Bagi started the truck when such could not be done with reasonable safety. Accordingly, Mr. Bagi's conviction is not based upon insufficient evidence.

**Manifest Weight**

{¶12} In reviewing a challenge to the weight of the evidence, the appellate court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶13} Mr. Bagi asserts that his conviction is against the manifest weight of the evidence because Ms. Drop's testimony is internally inconsistent and the trooper's opinion testimony concerning how the accident occurred was inadmissible.

{¶14} Mr. Bagi asserts it is problematic that Ms. Drop testified both that she stayed within her lane and that she did not know if the collision occurred on the highway or the berm. We are not troubled by her testimony. Ms. Drop maintained that she was in her marked lane immediately prior to the collision. Her testimony was confirmed by the trooper's testimony who stated that Ms. Drop "stated she had been in the right lane of travel while this happened." Moreover, when Ms. Drop was asked whether Mr. Bagi was on the roadway or the berm when he started to move, she stated that she did not "know where he was. Evidently he was on the roadway or he wouldn't [have] hit me if I was on the highway." Thus, it is apparent that Ms. Drop assumed that the collision happened on the highway, given that she was on the highway and she believed that Mr. Bagi hit her vehicle. The fact she was unable to "know for certain" whether Mr. Bagi was on the roadway or the berm at the time "the two cars touched each other,"

does not mean that her testimony that she was within her lane at the time of the collision was untrue, inconsistent, or not credible. The trier of fact could still have reasonably found Ms. Drop's testimony credible and relied upon it in rendering its verdict.

{¶15} With respect to Trooper Halvorsen's testimony concerning his opinion of how the accident occurred, we note that Mr. Bagi did not object to the testimony and, in fact, elicited the testimony from Trooper Halvorsen. Thus, assuming the testimony was erroneously admitted, the error was invited by Mr. Bagi. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254 (1995); *see also State v. Brautigam*, 9th Dist. No. 26134, 2012-Ohio-2599, ¶ 18. Further, even assuming that the testimony was inadmissible and reviewable, given that this was a trial to the court, "[t]o the extent that inadmissible evidence may have been received, the trial court is presumed to have disregarded it in making its decision." *State v. Capers*, 9th Dist. No. 10CA009801, 2011-Ohio-2443, ¶ 49. "When a criminal case is tried to the bench, it is presumed that the trial court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." (Internal quotations and citation omitted.) *State v. Carrick,* 9th Dist. No. 09CA0077, 2010-Ohio-6451, ¶ 18.

{¶16} After a thorough and independent review of the record, we cannot say that Mr. Bagi's conviction is against the manifest weight of the evidence. The trier of fact could have reasonably found Ms. Drop's testimony credible. Thus, even absent the trooper's testimony concerning his opinion of the collision, the trier of fact could have reasonably found Mr. Bagi guilty of violating R.C. 4511.38(A). Ms. Drop's testimony supports the conclusion that Mr. Bagi

started the truck when such could not be done with reasonable safety. Accordingly, we overrule Mr. Bagi's first assignment of error.

ASSIGNMENT OF ERROR II

MR. BAGI'S SIXTH AMENDME[NT] RIGHT TO COUNSEL WAS VIOLATED DUE TO THE INEFFECTIVENESS OF HIS TRIAL COUNSEL WHICH WAS PREJUDICIAL TO HIS RIGHT TO A FAIR TRIAL IN VIOLATION OF MR. BAGI'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶17} Mr. Bagi asserts in his second assignment of error that his trial counsel was ineffective in failing to object to and in eliciting the trooper's opinion with respect to the accident on cross-examination. We do not agree.

{¶18} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984).

{¶19} "[T]he scope of questioning is generally a matter left to the discretion of defense counsel. Debatable trial tactics generally do not constitute ineffective assistance of counsel." *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 116. "A trial counsel's line of questioning on cross-examination is a matter of trial strategy. Ineffective assistance does not result from reasonable cross-examination that does not elicit a desired response." (Internal citations omitted.) *State v. Ferguson*, 10th Dist. No. 07AP-999, 2008-Ohio-6677, ¶ 64. Whether or not the trooper's testimony was admissible, we cannot say that it was unreasonable for Mr. Bagi's trial counsel to question the trooper about his opinion with respect to the accident. It was

clear that Mr. Bagi's trial counsel's strategy was to show that Mr. Bagi did not cause the accident and that the trooper had limited knowledge because he did not witness the collision; the fact that the responses elicited from the trooper were not helpful to that strategy does not make the questioning unreasonable. *See id.* Moreover, as noted above, the trial court could have relied entirely on Ms. Drop's testimony when it determined that Mr. Bagi violated R.C. 4511.38(A). Thus, even if Mr. Bagi's counsel's performance was deficient by eliciting the trooper's testimony, Mr. Bagi has not demonstrated that he has been prejudiced by his counsel's performance. Accordingly, we overrule Mr. Bagi's second assignment of error.

III.

{¶20} In light of the foregoing, we affirm the judgment of the Wayne County Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                           _____

                           EVE V. BELFANCE
                           FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

STEPHENIE N. LAPE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.