JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Pete Grubic, appeals from a decision of the Common Pleas Court, Domestic Relations Division, which denied his motion to modify his child support obligations. He also complains that the court excluded the testimony of his expert witness at trial. We find that appellant failed to object to the magistrate's decision and therefore waived any right to appeal these decisions. Accordingly, we affirm.
 {¶ 2} This matter has had a long and tortuous history, including two prior appeals (Cuyahoga App. Nos. 73793 and 82462) and a fourth appeal which remains pending before this court (Cuyahoga App. No. 86853). With respect to the present appeal, on July 24, 2003, the magistrate conducted a hearing on pending motions, including appellant's motion to modify his support obligations. The hearing was continued on July 25, 2003, June 18, 2004, and June 24, 2004. The magistrate issued a decision on October 7, 2004 with findings of fact and conclusions of law, in which she overruled appellant's motion to modify.
 {¶ 3} Appellant was given an extension of time to November 29, 2004 to object to the magistrate's decision. After this time period expired, on December 9, 2004, appellant's attorney requested an additional sixty days to file objections. The court, however, accepted and adopted the magistrate's decision, noting that "[n]o timely objections were filed thereto and therefore the parties are found to have waived their right to any further hearing thereon." The court later overruled appellant's request for an extension of time, pointing out that the request was filed after the prior extension expired.
 {¶ 4} Civil Rule 53(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding or conclusion of law unless the party has objected to that finding or conclusion under this rule." Appellant here did not timely object to the magistrate's decision, nor did he timely request an extension of time before his prior extension expired. See Civ.R. 6(B)(1). Appellant does not challenge the court's order overruling his untimely second request for an extension of time. Cf. Civ.R. 6(B)(2). Accordingly, we decline to review the merits of the common pleas court's decision and affirm its judgment. See, e.g., State ex rel. Booher v. Honda of AmericaMfg., Inc., 88 Ohio St.3d 52, 2000-Ohio-269.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J. and Kilbane, J. Concur.