OPINION
{¶ 1} Plaintiff, Marguerite Carver, appeals from a judgment of the domestic relations division of the court of common pleas that found her in contempt of a shared parenting order, imposed a jail sentence, and ordered her to pay attorney's fees incurred by Defendant, Franklin Halley, and *Page 2 
costs of the contempt proceeding.
 {¶ 2} Franklin[1] and Marguerite were divorced on January 22, 1999. The domestic relations court approved and adopted a shared parenting plan to which the parties agreed concerning their four minor children. The plan contains extensive and detailed provisions identifying the times the children will spend with each parent and specifies that during those times that parent "shall be the residential parent and custodian of the children." (Paragraph 1).
 {¶ 3} On January 20, 2006, Franklin filed charges in contempt, alleging that Marguerite failed to comply with the shared parenting plan. The charges were referred to a magistrate for hearings. Following the hearing, the magistrate filed a decision finding Marguerite in contempt. The basis of the finding was that Marguerite had allowed the two younger children who remained subject to the shared parenting order, to act on their own choice to not be with Franklin for a period of two days to which he is entitled by the shared parenting plan. The magistrate ordered make-up time and awarded Franklin $950.00 as attorney's fees and costs. The magistrate also recommended that a jail sentence *Page 3 
of three days be imposed on Marguerite for her contempt, but that the sentence be suspended "if she complies with (Franklin's) parenting time in the future."
 {¶ 4} Marguerite filed objections to the magistrate's decision. The trial court overruled the objections and adopted the decision as the court's order. Marguerite filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE COURT'S DECISION AND ORDERS FINDING THAT THE PLAINTIFF-APPELLANT HAD WILLFULLY AND INTENTIONALLY FAILED TO COMPLY WITH THE COURT'S ORDER FOR PARENTING TIME AND IMPOSITION OF PENALTIES WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO LAW AND THE RESULT OF THE COURT'S DEMONSTRATED BIAS AND PREJUDICE AGAINST THE PLAINTIFF-APPELLANT."
 {¶ 6} The essential facts on which the finding of contempt is based are largely undisputed. On the dates concerned, when the two younger children were to be with Franklin, Marguerite allowed them to act on their own choices to spend their time otherwise.
 {¶ 7} These facts portray a classic dilemma for persons who agree to shared parenting plans. The two children were six years of age and almost four years of age, respectively, *Page 4 
when the shared parenting plan was drawn and approved in 1999. When these events occurred, in January 2006, seven years had passed, and the two children were ages thirteen and almost eleven. At that age, children typically have acquired complex schedules of activities as well as friendships and associations that affect a division of their time between divorced parents. Shared parenting plans that are not adjusted to account for that fact of life are a source of difficulty.
 {¶ 8} Nevertheless, a shared parenting plan that is approved and adopted by a domestic relations court is a court order, and its terms reflect the court's findings concerning the best interest of the child. R.C. 3109.04(D)(1)(a). Further, unless the plan provides otherwise, both parents are the residential parents and legal custodians of the child. R.C. 3109.04(K)(5). Therefore, implicit in any shared parenting plan is a mutual obligation imposed on the parties to ensure that the other parent is afforded the parenting time for which the plan provides.
 {¶ 9} A person who is guilty of resistance to a lawful order or judgment of a court may be punished for contempt. R.C. 2705.02(A). Marguerite resisted the terms and requirements of the shared parenting plan when she allowed the *Page 5 
two children to avoid its requirements and assisted them in doing so. Per R.C. 2705.02(A), upon that finding the court could impose sanctions for her contempt.
 {¶ 10} Marguerite complains that the magistrate was biased against her, delving into other matters and exhibiting a partial attitude. She argues that this is portrayed by the magistrate's demeanor; for example, by characterizing Marguerite's testimony as a "bunch of crap." (T. 52).
 {¶ 11} We agree that such remarks are at odds with the magistrate's duty, as a judicial officer, to be patient, dignified, and courteous to litigants. See: Code of Judicial Conduct, Canon 3(B)(4). We strongly caution against such behavior in the future. However, on the record as a whole, the matters cited do not support a reversal of the trial court's decision adopting the magistrate's decision finding Marguerite in contempt.
 {¶ 12} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 13} "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR BY NOT PERMITTING THE PLAINTIFF-APPELLANT TO OFFER THE TESTIMONY OF AN OTHERWISE COMPETENT WITNESS."
 {¶ 14} The magistrate refused to allow Marguerite to call one of her two older children, Brandon, age 17, as a witness. *Page 6 
Marguerite contends that Brandon was an eyewitness to some of the events concerned and that he was competent to testify concerning them.
 {¶ 15} The magistrate appears to have acted arbitrarily in excluding Brandon's evidence. However, Marguerite neither proffered the evidence Brandon would offer, as Evid.R. 103(A)(2) requires, nor objected to the magistrate's decision in that regard, as Civ.R. 53(D)(3)(a)(iv) requires in order to preserve the issue for appeal. Therefore, we deem the error waived.
 {¶ 16} The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 17} "THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR BY MAKING AN AWARD OF ATTORNEY FEES WITHOUT HOLDING A SEPARATE ATTORNEY FEE ASSESSMENT HEARING AND WITHOUT THE SUPPORT OF EXPERT TESTIMONY."
 {¶ 18} The trial court awarded Franklin $750 as and for attorneys fees and $200 in costs, for a total award of $950. Marguerite, relying onSwanson v. Swanson (1976), 48 Ohio Ap.2d 85, argues that evidence of reasonableness and necessity is required for the award of attorney's fees.
 {¶ 19} R.C. 3109.051(K) requires an award of costs and reasonable attorney's fees paid by an adverse party as a *Page 7 
sanction against a party who is found in contempt for interfering with an order granting parenting time. Whether any amount is reasonable is an issue of fact. We have held that evidence of the actual amount owed or paid or its reasonableness is not required when the amount awarded is a nominal amount. Woloch v. Foster (1994), 98 Ohio App.3d 806.
 {¶ 20} We need not find that an award of $750 is nominal, however. Marguerite concedes that the amount has been paid, in the form of a check delivered to Franklin's attorney. Marguerite could have sought a stay of that sanction pursuant to App.R. 7, but she did not. We find that in tendering the payment she has acquiesced in the relief the court awarded, and thereby waived the error she assigns.
 {¶ 21} The third assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. And DONOVAN, J., concur.
[1] For clarity and convenience, the parties are identified by their first names. *Page 1