JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, new-party defendant-appellant Michael O'Shea appeals from the trial court order that adopted the magistrate's decision to find him in contempt of court.
 {¶ 2} The purpose of an accelerated appeal is to permit this court to render a brief and conclusory opinion. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 3} Appellant presents one assignment of error, asserting that the trial court abused its discretion, and characterizing the order as one that found him in "criminal" contempt. This court disagrees with both his assertion and his characterization. *Page 2 
 {¶ 4} The order appellant now challenges results from the underlying action, i.e., a divorce case in which appellant originally represented the defendant husband.[1] On December 13, 2004 the trial court issued an order in that case, which, inter alia, directed appellant to release to the wife any funds he held on the husband's behalf.
 {¶ 5} Appellant failed to comply with the directive. Instead, on January 5, 2005, without seeking a stay of that judgment from the trial court, appellant filed a notice of appeal on behalf of his client in this court. A year later, in Grubic v. Grubic, Cuyahoga App. No. 85756,2006-Ohio-172, this court affirmed the trial court's order. Appellant's obligation to release the funds was never raised in that appeal.
 {¶ 6} In August 2005, while the foregoing appeal was pending, the trial court granted the wife's motion in the underlying divorce case to add appellant as a new-party defendant. The wife additionally filed a motion for appellant to show cause as to why he should not be held in contempt of court for failing to comply with the December 13, 2004 directive.
 {¶ 7} A hearing on the motion was held before a magistrate on January 17, 2007. During his testimony, appellant admitted that he took it upon himself to disregard the trial court's December 13, 2004 order to release funds to the wife. *Page 3 
 {¶ 8} Appellant presented three justifications for his decision. First, he and his client[2] thought the December 13, 2004 order "was wrong," so the order was appealed and he and client decided to "hold th[e] money until * * * the Court of Appeals had made a decision" about the order's propriety. Second, after the Court of Appeals affirmed, he and his client "decide[d] we were going to find out where the money was * * *." Third, he needed the husband's "consent before [he] could do it." Appellant conceded he finally released the money to the wife in December 2005.
 {¶ 9} Following the hearing, the magistrate filed a decision that stated, in pertinent part, that appellant's justifications failed to "constitute a defense to the charge of contempt of court." The magistrate recommended appellant be ordered to pay the wife's attorney fees in prosecuting her motion to show cause. The magistrate further recommended that appellant be held in contempt of court and sentenced to either ten days in jail or two hundred hours of community service, but that sentence should be "purged provided that he fully satisfies the * * * money judgment within 30 days of the journalization of this order."
 {¶ 10} The trial court subsequently overruled appellant's objections to the magistrate's decision and adopted it. Appellant filed a motion to stay execution of the foregoing order so that he could file the instant appeal. *Page 4 
 {¶ 11} The primary purpose of contempt proceedings is to preserve the authority and proper functioning of the court; therefore, decisions in such proceedings are reviewed under an abuse of discretion standard.State ex rel. Bitter v. Missig, 72 Ohio St.3d 249, 1995-Ohio-147. Despite appellant's argument, this court cannot find any abuse of discretion occurred.
 {¶ 12} "Contempt" of court is, inter alia, conduct which brings into disrespect a court in the performance of its functions. Denovchek v. Bd.of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 15. R.C. 2705.02
classifies certain acts which constitute indirect contempt; subsection (A) prohibits "[disobedience of, or resistance to, a lawful * * * order * * * of a court * * *." An order of a court is presumed lawful until its validity finally is determined by the reviewing court. See, Stateex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34; App.R. 12; see, also, R.C. 2505.14, et seq.
 {¶ 13} In this case, the magistrate correctly observed that, if appellant believed the December 13, 2004 order was improper, he could have filed a motion to stay its execution pending appeal, as he did in the instant matter. Instead, he simply ignored it for a year. This demonstrated his disrespect for the court. Appellant finally complied, but only several months after the wife filed her motion to show cause. *Page 5 
 {¶ 14} Under these circumstances, the trial court correctly found that appellant should be held in civil contempt, and imposed upon him a sanction that permitted him to purge the finding upon payment to the wife of her attorney fees expended in connection with pursuing the motion. Carver v. Halley, Franklin App. No. 06CA54, 2007-Ohio-2351; cf.,Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250.
 {¶ 15} Since the trial court did not abuse its discretion in this matter, appellant's assignment of error is overruled.
 {¶ 16} The trial court's order is affirmed. It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the domestic relations court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] The divorce case already has resulted in several other appeals. In addition to the one cited in the body of this opinion, see, also,Grubic v. Grubic (Sept. 9, 1999), Cuyahoga App. No. 73793; Grubic v.Grubic, Cuyahoga App. No. 82462, 2003-Ohio-3680; Grubic v. Grubic, Cuyahoga App. No. 86853.
[2] Although appellant used the pronoun "we" during his testimony, it is clear from the context that he referred to his client, the husband. *Page 1