DECISION AND JUDGMENT ENTRY
{¶ 1} Martie Robinson appeals the judgment of the Lawrence County Common Pleas Court, Probate-Juvenile Division, in favor of Brenda Hatfield. Robinson and Hatfield have one minor child. On appeal, Robinson contends that the trial court erred when it failed to find Hatfield in contempt for failure to comply with the prior orders of the court. Because neither party fully complied with the prior orders of the court, and because the credibility of witnesses remains with the trier of fact, we disagree and find that the trial court did not abuse its discretion. Robinson next contends that the trial court erred when it did not vest custody of the minor child with him based on the best interest of the child. Because the trier of facts determines the credibility of the witnesses, and because the evidence supports the trial court's finding that it is in the *Page 2 
best interest of the minor child for Hatfield to have custody, we disagree and find that the trial court did not abuse its discretion. Accordingly, we overrule Robinson's two assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} On September 21, 2005, the trial court ordered Robinson's name added to the minor child's birth certificate and the child's surname changed to Robinson. On January 25, 2006, the trial court adopted a shared parenting plan entered into by Robinson and Hatfield. The plan called for an equal sharing of the minor child by the parties. It also had provisions for holidays, exchanges, medical care, and other items.
 {¶ 3} On April 24, 2006, Robinson filed for a change of custody, contempt, and attorney fees. He alleged that Hatfield failed to: (1) change the name of the child; (2) provide Robinson with a copy of the medical card; and (3) notify Robinson of the child's allergy appointment.
 {¶ 4} On June 28, 2006, Hatfield moved the court to terminate the shared parenting plan. On August 10, 2006, she further moved the court to: (1) designate her the residential parent of the minor child; and (2) limit Robinson's parenting time.
 A. Facts at Hearing on Motions {¶ 5} Hatfield admitted that she did not take any steps to change the child's last name to "Robinson." Also, Robinson did not take any steps to have a new birth certificate issued with his name added.
 {¶ 6} Hatfield said that she did not provide Robinson with all of the child's current medical cards because the state told her that she could not. Also, she stated that she *Page 3 
attempted to phone Robinson about the child's allergy appointment but that no one answered. She did not leave a message on Robinson's answering machine.
 {¶ 7} Robinson introduced photos of the child to show a diaper rash problem. The magistrate admitted the same into evidence. When the child came to Robinson for visitations, the child had a rash. At the end of visitations, the rash was gone. He reported the problem several times to Children Services (hereinafter "CS"). After investigating, CS did not do anything. In addition, Robinson made several neglect and abuse complaints to CS. CS could not substantiate any of the complaints.
 {¶ 8} Robinson and Hatfield introduced photos of their current homes. The magistrate admitted the photos into evidence.
 {¶ 9} The magistrate filed its decision favoring Hatfield, which included findings of fact and conclusions of law. Robinson filed objections to the magistrate's decision. The trial court overruled Robinson's objections and entered several orders, including: denying Robinson's motion for contempt and attorney fees; terminating the shared parenting plan; and naming Hatfield the residential parent of the minor child.
 {¶ 10} Robinson appeals and asserts the following two assignments of error: I. "THE TRIAL COURT ERRED IN NOT FINDING [HATFIELD] IN CONTEMPT FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS. SPECIFICALLY, [HATFIELD] DID NOT PROVIDE [ROBINSON] WITH THE CHILD'S MEDICAL CARD AS ORDERED; [HATFIELD] DID NOT TAKE THE STEPS NECESSARY TO CHANGE THE CHILD'S LAST NAME AS ORDERED; AND [HATFIELD] DID NOT PROVIDE [ROBINSON] WITH ADEQUATE NOTICE OF THE CHILD'S MEDICAL *Page 4 
APPOINTMENTS AS ORDERED." II. "THE TRIAL COURT ERRED IN NOT VESTING CUSTODY OF THE PARTIES' MINOR CHILD WITH [ROBINSON] BASED ON A CHANGE OF CIRCUMSTANCES AND IN THE BEST INTEREST OF THE CHILD."
 II. {¶ 11} Robinson contends in his first assignment of error that the trial court should have sustained his motion for contempt against Hatfield. We are not persuaded.
 {¶ 12} The law of contempt is intended to uphold and ensure the effective administration of justice, secure the dignity of the court, and to affirm the supremacy of law. Cramer v. Petrie (1994),70 Ohio St.3d 131, 133. Courts possess both inherent and statutory authority to compel compliance with its lawfully issued orders. See R.C. 2705.02(A);State ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249, 252.
 {¶ 13} The decision of whether to find one in contempt of court rests in the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. State v. Kilbane (1980),61 Ohio St.2d 201, paragraph one of the syllabus. An abuse of discretion connotes a decision by the trial court that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 14} Robinson contends that the trial court ordered Hatfield to take the necessary steps to change the minor child's last name to "Robinson." At the hearing, Hatfield admitted to the magistrate that she had not taken any steps to change the child's last name. The court earlier had ordered the child's surname changed to "Robinson" and Robinson's name added to the child's birth certificate. However, the facts at the hearing *Page 5 
show, and the trial court found, that Robinson did not do anything to comply with the part of the order that required the addition of his name to the birth certificate.
 {¶ 15} We agree with the eighth district's reasoning in a contempt case when it stated: "Requiring [one party] to comply with the decision * * * while the [other party] did not comply * * *, would be inequitable." Chasko v. Chasko, Cuyahoga App. No. 88949, 2007-Ohio-5451, ¶ 19. Stated differently, finding Hatfield in contempt (based on Robinson's motion for contempt) for not complying with the same order that Robinson did not comply with would be inequitable.
 {¶ 16} Robinson further contends that Hatfield did not provide him with the child's medical card and did not give him adequate notice of the child's medical appointments. He asserts that the court ordered her to do the same, and she has not complied.
 {¶ 17} At the hearing, Hatfield stated that she did not provide Robinson with all current medical cards because the state told her that she could not. She further stated that she attempted to contact Robinson by phone about the child's allergy appointment. She said that no one answered, and she did not want to leave a message on the answering machine.
 {¶ 18} Here, the magistrate, as the trier of fact, apparently accepted these explanations. The trial court accepted the magistrate's report. This court will not substitute its judgment for that of the trial court under the abuse of discretion standard. In re Jane Doe I (1991),57 Ohio St.3d 135, 137-138. "Instead, we give deference to the trial court as the trier of fact because it is `best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in *Page 6 
weighing the credibility of the proffered testimony.'" McCleese v.Clemons, Scioto App. 05CA3016, 2006-Ohio-3011, ¶ 15, citing Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77.
 {¶ 19} Therefore, for the above stated reasons, we find that the trial court did not abuse its discretion when it failed to find Hatfield in contempt.
 {¶ 20} Accordingly, we overrule Robinson's first assignment of error.
 III. {¶ 21} Robinson contends in his second assignment of error that the trial court erred when it named Hatfield the residential parent. He asserts that the finding is not in the best interest of the child. He claims that, "based on the credibility and weight of the evidence," the trial court should have designated him residential parent.
 {¶ 22} A trial court enjoys broad discretion in custody proceedings.Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. This is due, in part, to the fact that "custody issues are some of the most difficult and agonizing decisions a trial judge must make." Id. at 418. We will not disturb a trial court's custody determination unless the court abused that discretion. Miller v.Miller (1988), 37 Ohio St.3d 71, 74.
 {¶ 23} R.C. 3109.04(E)(1)(a) governs the modification of a prior decree allocating parental rights. R.C. 3109.04(E)(1)(a) provides in relevant part: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in *Page 7 
the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child."
 {¶ 24} Robinson agrees that a change in circumstances occurred. He disagrees that the court's modification (naming Hatfield the residential parent) served the best interest of the minor child.
 {¶ 25} At the hearing, Robinson maintained that Hatfield did not look after the physical well-being of the child. He introduced photos to show (diaper rash) what the child looked like when he came to him for visitation. However, the trial court noted that Robinson always called CS about the rash on the child, and CS "did not take any corrective or proactive steps due to [Robinson's] diaper rash concerns." In addition, the court found that "Robinson has made numerous complaints to [CS] regarding allegations of neglect and abuse. Each and every allegation made by [Robinson] and others has been found unsubstantiated by the agency."
 {¶ 26} Both parties introduced pictures of their current homes. The court found that Robinson's home "was a hazard due to the electrical cords, rusted barrels, cables, car parts, and other items around the home. In regards to Hatfield's home, the court stated that "[n]o obvious hazards or concerns were noted in the pictures."
 {¶ 27} We find that the above factual findings, supports the trial court's finding that it is in the child's best interest that the shared parenting agreement be terminated and Hatfield named the residential parent. Again, as we stated earlier, "This court will not substitute its judgment for that of the trial court under the abuse of discretion standard. *Page 8 
Instead, we give deference to the trial court as the trier of fact because it is `best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" (All cites omitted.). Consequently, we find that the trial court did not abuse its discretion when it did not designate Robinson as residential parent.
 {¶ 28} Accordingly, we overrule Robinson's second assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate-Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1