[Cite as *State v. Robinson*, 2019-Ohio-2330.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                          No. 107598

    v.                            :

MICHAEL D. ROBINSON,                    :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 13, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628485-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson M. Strang, Katherine E. Mullin, and Eben McNair, Assistant Prosecuting Attorneys, *for appellee.*

Jonathan N. Garver, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Michael Robinson, appeals his consecutive sentence and claims the following error:

Since the findings necessary for the imposition of a consecutive sentence on the drug possession offense charged in Count VII of the

indictment are not supported by the evidence, the imposition of a consecutive sentence on Count VII is contrary to law and a denial of due process of law.

{¶ 2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Robinson was charged in a seven-count indictment with assault on a police officer, resisting arrest, having weapons while under disability, carrying a concealed weapon, improper handling of a firearm in a motor vehicle, receiving stolen property, and drug possession. The drug possession charge, set forth in Count 7 of the indictment, alleged that Robinson knowingly possessed or used "a controlled substance or a controlled substance analog" that was "a compound, mixture, preparation, or substance containing cocaine" in an amount less than five grams. The drug possession charge also included a one-year firearm specification.

{¶ 4} Robinson pleaded guilty to all the charges in the indictment. The prosecutor explained at the plea hearing that the plea agreement did not include a reduction in the charges. Instead, the state agreed to forego a reindictment that would include a first-degree felony charge and firearm specification in exchange for Robinson's agreement to plead guilty to the current indictment. The prosecutor further explained that if the case were re-presented to the grand jury, the state would omit the drug possession charge alleged in Count 7 because "the labs came back negative on that count." (Tr. 4.) The prosecutor concluded that even though there was no reduction in charges, "the defendant is essentially getting a benefit by pleading guilty to the indictment as currently charged rather than face

reindictment." (Tr. 4.) Robinson indicated that he understood the terms of the plea agreement. (Tr. 14.) He also denied that any threats or promises had been made against him to induce his guilty pleas. (Tr. 8, 17.)

{¶ 5} The court sentenced Robinson to 18 months for assaulting a police officer, time served for resisting arrest, 36 months for having a weapon while under disability, 18 months for carrying a concealed weapon, 18 months for improperly handling a firearm in a motor vehicle, 18 months for receiving stolen property, and one year for drug possession to be served consecutive to the one-year on the firearm specification attendant to that charge. The court ordered the 36 months on the having weapons while under disability charge and the two years on the drug possession charge, including the one-year firearm specification, to be served consecutive to each other and concurrent with all other sentences, for an aggregate five-year prison term. Robinson now appeals the imposition of consecutive sentences.

## II. Law and Analysis

{¶ 6} In his sole assignment of error, Robinson argues the trial court's findings in support of consecutive sentences are not supported by the record.

{¶ 7} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court

clearly and convincingly finds either that the record does not support the sentencing court's findings or the sentence is otherwise "contrary to law."

{¶ 8} Robinson does not dispute that the trial court made all the findings required by R.C. 2929.14(C)(4). He argues the consecutive sentence imposed on his drug possession conviction is not supported by the record because the prosecutor conceded that lab tests done on the suspected drugs found in Robinson's possession were negative. He argues:

> Since the record affirmatively demonstrates that Robinson did not engage in the conduct charged under Count VII, the finding that consecutive sentences would not be disproportionate to the seriousness of the offender's conduct, as required by Ohio Rev. Code § 2929.14(C)(4), is not supported by the record. The imposition of a consecutive sentence for an offense that was not committed is clearly disproportionate to the seriousness of the offender's conduct!

(Appellant's merit brief at 8.) Robinson further contends the imposition of a consecutive sentence on his drug conviction violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution because the record shows he is innocent of the drug possession charge.

{¶ 9} However, R.C. 2929.14(C)(4) does not require the court to find that factual circumstances support the conviction, and Robinson does not challenge the validity of his drug possession conviction in this appeal. Indeed, Robinson knowingly, intelligently, and voluntarily pleaded guilty to the indictment and understood the state did not have evidence to prove the drug possession charge. Courts, including this court, have affirmed convictions based on guilty pleas to

offenses the state could not prove where the defendant knowingly, intelligently, and voluntarily entered the guilty pleas as part of a "negotiated plea agreement." *See, e.g., State v. Lester*, 8th Dist. Cuyahoga No. 106850, 2018-Ohio-4893; *State v. Brawley*, 8th Dist. Cuyahoga No. 79705, 2002-Ohio-3115; *State v. Wickham*, 5th Dist. Muskingum No. CA 76-40, 1977 Ohio App. LEXIS 10210 (Sept. 28, 1977).

{¶ 10} Consecutive sentences are not imposed on a single conviction. Consecutive sentences can only be imposed on multiple convictions and the purpose of consecutive sentencing goes beyond the punishment for any particular, solitary act. The findings required for the imposition of consecutive sentences involve consideration of the defendant's course of conduct as a whole as opposed to individual acts considered in isolation. R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} In making the findings in support of consecutive sentences in this case, the trial court stated, in relevant part:

> And I find that a consecutive prison sentence is necessary to protect the community and to punish you and it's not disproportionate and I find the harm was so great or unusual that a single terms does not adequately reflect the seriousness of your conduct and that you injured a police officer, you had a gun on you, and I find that that is extremely serious. And I also find that your criminal history shows that a consecutive sentence is necessary to protect the public. I've already outlined your lengthy criminal history that includes many crimes of violence as well. Also you were on post-release control at the time that this crime was committed as well. So for all of these reasons a consecutive prison sentence is necessary.

(Tr. 41-42.) The court considered the seriousness of Robinson's conduct as a whole rather than focusing on separate convictions. The court found that a consecutive sentence was not disproportionate to Robinson's conduct generally, without regard to any individual act.

{¶ 12} Moreover, Robinson accepted the state's offer and knowingly, intelligently, and voluntarily pleaded guilty to the indictment, even though the state conceded it could not prove the drug possession charge alleged in Count 7. To now claim prejudice because the court imposed consecutive sentences on the drug possession conviction, after he received the benefit of the negotiated plea bargain, is invited error. *See State v. Brawley*, 8th Dist. Cuyahoga No. 79705, 2002-Ohio-3115, ¶ 20 (A plea to a nonexistent crime is invited error.). Under the invited error

doctrine, a party is not "permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254, 648 N.E.2d 1355 (1995).

{¶ 13} The sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
RAYMOND C. HEADEN, J., CONCURS IN JUDGMENT ONLY